IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    *Plaintiff*,

    v.                           Criminal No. ELH-12-00595

MANOJ KUMAR JHA,

    *Defendant*.

**MEMORANDUM**

On February 29, 2016, Manoj Kumar Jha, who is now self-represented, filed "Fed. R. Crim. P. 33 Motion To Vacate The Judgment Of Conviction, Sentence And Restitution, And Order a New Trial ('Rule 33 Motion')."  ECF 166 (the "Motion" or the "Rule 33 Motion").  Jha appended several exhibits to his Motion.[1]  The government filed a response in opposition to the Motion on May 5, 2016 (ECF 171, "Opposition"), and Jha replied.  ECF 172 ("Reply").

In the interim, on March 21, 2016, the government requested an extension of time in which to respond to the Motion, explaining that counsel was about to start a four week trial.  ECF 167.  I granted the request for extension on the same date.  ECF 168.  Thereafter, Jha filed an opposition to the request for extension.  ECF 169.  In addition, he filed a "Motion To Reconsider And Recall Order 'ECF 168' Filed 3/21/16; And Issue a New Order Denying Government's Request For Extension of Time To File A Response To Rule 33 Motion ('Motion To Reconsider')."  ECF 170 ("Motion to Reconsider").  In both the Rule 33 Motion and the Motion to Reconsider, Jha asserts that the government's request for extension was filed four days

---

[1] Jha specifically asserts that his Motion "is not to be construed or re-characterized as a 2255 Motion. . . ."  ECF 171 at 2.  Although the quote appears on what Jha has labeled as page 1 of his Rule 33 Motion, the Court cites to the electronic pagination.

after the deadline and the late filing prejudiced him.  He adds that the government "should not benefit from flouting court deadlines . . . ."  ECF 169 at 2.

No hearing is necessary to resolve the motions.  Local Rule 105.6.  For the reasons that follow, I shall DENY both motions.

## I.     Background

Jha was indicted on November 14, 2012.  ECF 1.  In a Superseding Indictment filed on August 21, 2013 (ECF 49), Jha was charged with wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; falsification of records, in violation of 18 U.S.C. § 1519; and federal program fraud, under 18 U.S.C. § 666.  In addition, the Superseding Indictment contained a forfeiture count, pursuant to 18 U.S.C. § 982(a)(2)(A).

Numerous pretrial motions were filed by the defense in the case.  These included the following:  ECF 12 (motion to suppress statements); ECF 19 (motion to dismiss indictment and motion to suppress evidence; ECF 52 (motion to quash indictment); ECF 53 (motion to suppress proffer statement and dismiss proffer agreement); ECF 54 (motion to dismiss counts One and Eight; ECF 55 (motion to inspect transcripts of grand jury testimony); ECF 56 (motion to suppress statements and tangible evidence); ECF 57 (motion to strike government's Rule 404(b) Notice); ECF 58 (motion in limine); ECF 65 (motion in limine).  Motion hearings were held on February 14, 2014 (ECF 77); February 19, 2014 (ECF 83); and February 24, 2014 (ECF 89).  The Court denied the various defense motions.  *See* ECF 78; ECF 87; ECF 96.

The Court presided over a nine-day jury trial that commenced on February 18, 2014.  *See* ECF 100, ECF101.  The jury returned a verdict of guilty on April 1, 2014, as to all counts.  ECF 118; ECF 119.

At the sentencing held on August 29, 2014 (ECF 134), the Court sentenced the defendant to concurrent terms of 36 months' incarceration and ordered restitution in the amount of $105,726.31.   Judgment was entered on September 11, 2014.   *See* ECF 137.   The defendant noted an appeal to the Fourth Circuit.   ECF 135.

On appeal, Jha raised several issues.   *See* ECF 163.   The United States Court of Appeals for the Fourth Circuit affirmed the defendant's convictions on June 4, 2015, in an unpublished, per curiam opinion.   ECF 163.   The mandate issued on June 26, 2015.   ECF 164.

On September 1, 2015, Jha filed a petition for a writ of certiorari to the United States Supreme Court.   *See* ECF 162-2.   According to both Jha and the government, on September 16, 2015, the Solicitor General waived the government's right to file a response. *See* ECF 166 at 9; ECF 171 at 2.   The United States Supreme Court denied the defendant's petition on October 13, 2015.   ECF 166 at 9; ECF 171 at 2.   On November 6, 2015, Jha filed a petition for rehearing in the Supreme Court.   *See* ECF 166-4.   The Supreme Court denied the defendant's petition for rehearing on December 7, 2015.   ECF 166 at 9; ECF 171 at 2.   Jha's Motion followed on February 25, 2016.

## II.     Discussion

### A.  The Government's Belated Motion for Extension

Jha complains that the government belatedly filed its request for an extension of time in which to respond to his Rule 33 Motion.   In particular, he notes that the prosecutor's request was four days late.   *See* ECF 169; ECF 170.   Jha points out that the deadline to file the request was March 17, 2016, yet it was not filed until March 21, 2016.   *See*, *e.g.*, ECF 170 at 2.   Further, Jha maintains that the government did not provide good cause or excusable neglect for its untimely filing.   *Id.*

3

In addition, Jha seems to complain about a double standard that results in leniency for the government. He asserts that as to defendants, "courts are very strict to jurisdictional issues and late filings are simply not acceptable." ECF 169 at 2. He complains, for example, that a court "will certainly not accept even a death row inmate's 2255 Motion which is late just by one day."[2]

The government has not responded to ECF 169 or ECF 170. In any event, Jha mistakenly characterizes as jurisdictional the government's submission of a response to the Rule 33 Motion. He is incorrect. The Court has discretion to grant a belated extension, particularly when, as here, there is no prejudice in doing so.

Even if, for example, the government failed altogether to respond to the Rule 33 Motion, this would not require the Court to grant the Rule 33 Motion. By way of analogy, the cases are legion making clear that courts do not grant default judgments to prisoners in post-conviction proceedings. *See, e.g.*, *Quinones-Torres v. United States*, 240 Fed. App'x 876, 878 (1st Cir. 2007) (finding that the appellant was not "entitled to a default judgment simply because the government did not file an opposition to his habeas petition") (citations omitted); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *United States v. Mendenhall*, 12-CV-0432, 10-CR-0044, 2014 WL 4773970, at *4 (D. Idaho Sept. 24, 2014) (denying motion for default judgment as procedurally improper and "because default judgment is not available in habeas proceedings"); *Ramirez-Morazan v. United States*, 13-CV-329, 11-CR-0018, 2014 WL 3110017, at *4 (E.D.N.C. July 7, 2014) (noting that "a motion for entry of a default judgment" is "not applicable in the context of a § 2255 motion"); *Sagoes v. United States*, 11-CV-1188, 09-CR-0049, 2014 WL 1681596, at *3 (N.D. Ga. Apr. 28, 2014) ("[D]efault

---

[2] Jha overlooks the doctrine of equitable tolling, which need not be discussed here.

judgment is not contemplated in the context of a § 2255 motion, and is never available against the United States unless the claimant produces sufficient evidence to substantiate his claim on the merits."); *Hasty v. United States*, 13-CV-0270, 09-CR-0855, 2013 WL 6839896 at *2 (D.S.C. Dec. 23, 2013) (finding that although the government did not provide "any excuse for filing its motion well beyond the deadline" default judgment is "not appropriate in habeas actions, including § 2255 actions"); *Whyte v. United States*, RDB-12-CV-1141, RDB-10-CR-0212, 2013 WL 1721736, at *4 (D. Md. Apr. 19, 2013) (citing the "Fourth Circuit's preference for disposition on the merits" in denying default judgment as to a § 2255 petition); *Thompson v. United States*, 09-CV-410, 2010 WL 3782028, at *4 (E.D. Tex. Aug. 23, 2010) (stating that "default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition" and that "[t]o hold otherwise would improperly place the burden of default on the community at large").

The same logic applies here.  I see no merit to Jha's opposition to the government's request for an extension, nor is there a basis to rescind my Order approving the request.  To be sure, the government should have submitted a timely request.  But, the delay of four days did not delay the case or result in any prejudice to Jha.

## B. Rule 33 Motion

Rule 33(a) of the Federal Rules of Criminal Procedure states, in part:  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  The Court is guided by five factors, as set forth by the Fourth Circuit in *United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010), and *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993) (quoting *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987)).  They are as follows, *Custis*, 988 F.2d at 1359:

(a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e)it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

In order for the defendant to prevail on a motion for new trial, all five elements must be established. *See United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001); *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995).

As the government points out, Jha's Rule 33 Motion "mirrors many of the same claims he made in his pretrial motions before this Court, such as the illegality of the execution of a search warrant at his home and his place of business . . . and the inadmissibility of the statements he made to government agents when they came to his house to execute the search warrant." ECF 171 at 2. These claims are, indeed, identical to the ones the defendant raised in his unsuccessful appeal for the Fourth Circuit and in his failed petition for a writ of certiorari to the Supreme Court.

Jha asserts that his Rule 33 Motion is based on "newly discovered evidence." The government characterizes Jha's argument as a "novel one." ECF 171 at 3. Jha maintains that, because the Solicitor General determined not to respond to Jha's certiorari petition, this constituted a stipulation by the government as to the accuracy of the facts and law asserted by Jha as contained in his petition. ECF 171 at 3 (citing ECF 166 at 9).

In his Rule 33 Motion, Jha asserts: "The newly discovered evidence relevant to this motion, contains statements of facts and law documented in the certiorari petition . . . to which the government stipulated on September 16, 2015, by waiving its right to file a brief in opposition." ECF 166 at 9. Given the government's failure to file a response to Jha's certiorari petition, he maintains that "the statements of fact and law in the certiorari petition are now

6

controlling, in all proceedings, including the instant motion." ECF 166 at 10. This stipulation,

maintains Jha, "qualifies as the 'newly discovered evidence' for the purpose of the instant

motion." *Id.* In Jha's reply (ECF 172 at 5), he reiterates that the government's failure to respond

to the certiorari petition is an admission as to Jha's assertions. Further, he argues that the

"Solicitor General's admission to the statement of facts and law in the certiorari petition qualifies

as newly discovered evidence since petitioner could not have perceived the government's 'new

position' until [the] Solicitor General waived his right to file a brief in opposition, thereby

admitting to the statements of fact and law in the certiorari petition."

I agree with the government that the Solicitor General's determination that Jha's

certiorari petition did not merit a formal response "is not the procedural equivalent of a

stipulation or concession, and there is not law to support such a legal argument." ECF 171 at 3.

Based on my review of the parties' submissions, the Rule 33 Motion is frivolous. Jha

merely seeks to revisit the claims he previously asserted, without success. Therefore, I shall

DENY the Motion.

An Order follows.

Date:   June 13, 2016                                    /s/
                                                        Ellen L. Hollander
                                                        United States District Judge