IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

Criminal No. ELH-12-00595

MANOJ KUMAR JHA,

*Defendant*.

## MEMORANDUM

Manoj Kumar Jha, who is now self-represented, has filed a petition to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255 (ECF 180), with exhibits.  He has also filed a motion seeking my disqualification and recusal (ECF 182, "Recusal Motion"), supported by his "Good Faith Affidavit" (ECF 182-1) and "pertinent authorities."  *See* ECF 180-2.  The Government filed a response to the recusal motion (ECF 184, "Response"), as well as a supplemental response.  *See* ECF 186.  Jha replied.  ECF 187 ("Reply").

In addition, Jha filed  a "Motion For Supplemental Discovery To Uncover Full Scope" of my alleged bias.  ECF 189 ("Discovery Motion").  The Government responded at ECF 196 ("Discovery Response"), with an exhibit. *See* ECF 196-1; *see also* ECF 195.  Although Jha's § 2255 Motion is 45 pages, plus exhibits, he has also filed a motion for leave to file an additional memorandum to support his § 2255 petition.  *See* ECF 181.  And, he has filed a motion for an extension of time to submit an additional memorandum to support his § 2255 petition.  ECF 193.

In addition, Jha has filed an "Objection to the Adjudication of ECF 190 By Judge Hollander."  ECF 197 ("Objection).  ECF 190 is captioned "Motion For Release Or Home Confinement Pending Disposition Of The 2255 Motion."  In my Order of February 8, 2017 (ECF

194), in which I denied ECF 190, I said: "The Court is unaware of any authority that would permit the Court to grant the Motion." *See* ECF 194.

This Memorandum addresses Jha's Recusal Motion (ECF 182); his Discovery Motion (ECF 189); and the Objection (ECF 197). In addition, the Order addresses Jha's submissions in ECF 181 and ECF 193.

No hearing is needed to resolve the motions. Local Rule 105.6. For the reasons stated below, I shall deny ECF 182, ECF 189, and ECF 197. And, as set forth in the Order, I shall grant ECF 181 and ECF 193.

## I.      Background

Jha, a former engineering professor, was initially indicted on November 14, 2012, charged with wire fraud, mail fraud, and falsification of records. ECF 1. In a Superseding Indictment filed on August 21, 2013 (ECF 49), Jha was charged with wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; falsification of records, in violation of 18 U.S.C. § 1519; and federal program fraud, under 18 U.S.C. § 666. In addition, the Superseding Indictment contained a forfeiture count, pursuant to 18 U.S.C. § 982(a)(2)(A).

Numerous pretrial motions were filed by defense counsel.[1] These included the following: ECF 12 (motion to suppress statements); ECF 19 (motion to dismiss indictment and motion to suppress evidence; ECF 52 (motion to quash indictment); ECF 53 (motion to suppress proffer statement and dismiss proffer agreement); ECF 54 (motion to dismiss counts One and Eight); ECF 55 (motion to inspect transcripts of grand jury testimony); ECF 56 (motion to suppress

---

[1] Jha changed retained defense counsel during the pendency of his case. *See* ECF 42; ECF 43; ECF 44; ECF 45. His second defense lawyer entered his appearance on June 27, 2013. ECF 46.

statements and tangible evidence); ECF 57 (motion to strike Government's Rule 404(b) Notice); ECF 58 (motion in limine); and ECF 65 (motion in limine).

Motion hearings were held on February 14, 2014 (ECF 77; ECF 146); February 19, 2014 (ECF 83; ECF 147); and February 24, 2014 (ECF 89; ECF 148), at which evidence was presented. Thereafter, the Court denied the various defense motions, for the reasons stated. *See* ECF 78; ECF 87; ECF 96; *see also* ECF 146; ECF 147; ECF 148.

Beginning on March 18, 2014, the Court presided over a nine-day jury trial. *See* ECF 100; ECF 101. At the trial, more than 200 exhibits were introduced and over 30 witnesses were called to testify. On April 1, 2014, the jury returned a verdict of guilty as to all counts. ECF 118; ECF 119.

Sentencing was held on August 29, 2014. ECF 134. Numerous issues were contested in presentencing submissions with regard to the calculation of the advisory sentencing guideline range applicable to Jha. *See* ECF 124; ECF 131 (Defense); ECF 127 (Government). The Presentence Report ("PSR," ECF 123) reflected that Jha had an offense level of 27 and a criminal history category of I, with an advisory sentencing guidelines range of 70 to 87 months of imprisonment.

At sentencing, the Court spent considerable time addressing the various issues, including loss calculation. Ultimately, I agreed with the Government and the PSR that, as a result of the actual loss and the intended loss, 14 levels were to be added to the base offense level of 7, under U.S.S.G. § 2B1.1(b)(1)(H). *See* ECF 158 (Sentencing Transcript) at 11-41. I also determined to award a two-level upward adjustment under U.S.S.G. § 2B1.1(b)(10)(C), for use of sophisticated means. *See* ECF 158 at 46-50. And, I awarded another two-level upward adjustment for abuse of a position of trust, under U.S.S.G. § 3B1.3. *See* ECF 158 at 58-60. However, contrary to the

PSR, and contrary to the Government's position, I declined to award a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. *Id.* at 64-67.

Therefore, I concluded that Jha had a final offense level of 25, and not an offense level of 27, as urged by the Government. Based on a final offense level of 25 and a criminal history category of I, the advisory sentencing guidelines range called for a period of incarceration of 57 to 71 months.[2] The Government sought a sentence of 65 months. *See* ECF 158 at 78.[3]

Despite my characterization of the Government's recommendation as "reasonable" (*id.*), and notwithstanding the defendant's reprehensible conduct (*id.* at 88), I awarded a substantial downward variance to Jha. *Id.* at 90-92. In particular, I sentenced him to concurrent terms of 36 months' incarceration and ordered restitution in the amount of $105,726.31. That term of incarceration was obviously well *below* the advisory guidelines range and well *below* the 65-month sentence that the Government requested.

At sentencing, I set forth my rationale for a below-guidelines sentence. *Id.* at 85-92. I recounted the serious and prolonged nature of the crime. Yet, I also identified several factors in mitigation to justify the substantial downward variance. These included "a very heavy price" that was "paid by the Defendant" (*id.* at 90), which included the profound adverse impact to Jha's career as a professor, the damage to his reputation, his contributions to science, and

---

[2] Counts One through Four each carried a maximum term of imprisonment of 20 years under 18 U.S.C. § 1343. Count Five carried a maximum term of 20 years' imprisonment under 18 U.S.C. § 1341. Count Six carried a maximum of 20 years' incarceration under 18 U.S.C. § 1519. Count Seven carried a maximum term of 10 years' imprisonment under 18 U.S.C. § 666(a).

[3] The Government initially requested a 78-month sentence, based on its belief that Jha had an offense level of 27, with guidelines of 70-87 months. *See* ECF 127 (Government's sentencing memorandum) at 3.

recognition that federal prosecution itself is punishment. I described my sentence as "really generous." *Id.* at 92.

Judgment was entered on September 11, 2014. *See* ECF 137. In the Statement of Reasons (ECF 183), I again explained my variance, stating that Jha is "an immigrant, a scholar and a professor [who] has helped many minority students . . . to his credit." *Id.* at 3. I also pointed out that Jha's "career is ruined," noting that he "had to resign in disgrace." *Id.*

Thereafter, the defendant noted an appeal to the Fourth Circuit. ECF 135. He raised several issues. *See* ECF 163. The United States Court of Appeals for the Fourth Circuit affirmed the defendant's convictions on June 4, 2015, in an unpublished, per curiam opinion. *Id.* The mandate issued on June 26, 2015. ECF 164.

On September 1, 2015, Jha filed a petition for a writ of certiorari to the United States Supreme Court. *See* ECF 162-2. According to both Jha and the Government, on September 16, 2015, the Solicitor General waived the Government's right to file a response. *See* ECF 166 at 9; ECF 171 at 2. The Supreme Court denied Jha's certiorari petition on October 13, 2015. ECF 166 at 9; ECF 171 at 2. On November 6, 2015, Jha filed a petition for rehearing in the Supreme Court. *See* ECF 166-4. That petition was denied on December 7, 2015. ECF 166 at 9; ECF 171 at 2.

On February 25, 2016, Jha filed "Fed. R. Crim. P. 33 Motion To Vacate The Judgment of Conviction, Sentence And Restitution, And Order A New Trial" (ECF 166, "Rule 33 Motion"), along with numerous exhibits. The Government responded at ECF 171 and Jha replied at ECF 172. By Memorandum and Order of June 13, 2016 (ECF 173; ECF 174), I denied the Rule 33 Motion. In ECF 174, I also denied Jha's motion for reconsideration (ECF 170) of my Order

(ECF 168) granting the Government's request (ECF 167) for an extension of time in which to respond to Jha's Rule 33 Motion.[4]

Jha noted an appeal to the Fourth Circuit.  ECF 175.  In a per curiam opinion issued December 5, 2016, the Fourth Circuit affirmed.  ECF 185.  Thereafter, on January 24, 2017, the Fourth Circuit denied Jha's petition for rehearing.  ECF 191.  The mandate issued on February 1, 2017.  ECF 192.

## II.    Allegations

Jha filed his Recusal Motion (ECF 182) pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144.  He maintains that recusal is required based on "a clear and obvious pattern of deep seated favoritism or antagonism" on my part.  ECF 182 at 2.  In his view, the record "conclusively shows" such bias.  *Id.*; *see also* ECF 182 at 6.  Moreover, Jha argues that because he has "criticized" my handling of the Rule 33 Motion, the case should be reassigned to another judge. *Id.*

Jha identifies ten categories of bias, incorporated from his § 2255 Petition. *See* ECF 182 at 2; ECF 180 at 9-20.  In Jha's "Good Faith Affidavit" (ECF 182-1), filed under 28 U.S.C. § 144, he alleges, *inter alia*, that I "act[ed] as an advocate for the government" and made "arguments favorable to the government"; I engaged in intense and "excessive interruption of the defense counsel to a point when a reasonable defense counsel would give up his duty" to effectively represent his client; I "reliev[ed] the government from its burden of proof"; I "strip[ped] Jha from presenting evidence and witness [sic], in order to block him from fully and fairly present [sic] his case"; I made a "mockery of defense's key witness"; and I limited the cross-examination of the case agent, Michael Pritchard, who, according to Jha, lied under oath;

---

[4] Notably, Jha has also filed a motion for extension.  *See* ECF 193.  Despite his Opposition to the Government's request for an extension, I will grant Jha's request.

and I was "predisposed" to "rule in the government's favor without waiting to hear the evidence presented by the defense." ECF 182-1; *see also* ECF 182-2. In addition, Jha claims that I improperly participated in ex parte proceedings. ECF 182-2 at 2; ECF 180 at 13.

Jha's contentions are unfounded and without merit. For the reasons that follow, I find no basis for recusal.

## III.   The Statutes

As noted, Jha's Motion is filed pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a). Section 144 is titled "Bias or prejudice of judge." Section 455 is titled "Disqualification of justice, judge, or magistrate judge." Although I am the subject of the Recusal Motion, I am the appropriate arbiter of it.

Under both § 455(a) and § 144, the judge whose objectivity is being challenged by a motion to recuse is the one who should first review the matter and render the disqualification decision. Indeed, under Rule 4(a) of 28 U.S.C. § 2255, "the judge who conducted the trial and imposed sentence" is generally the "appropriate judge" to consider the merits of any post-conviction complaints. Assigning the matter to the original judge is "highly desirable" because she is the one "who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred." 28 U.S.C. § 2255, Rule 4, Advisory Committee Note.

### A.  28 U.S.C. § 455(a)

Section 455(a) of 28 U.S.C. focuses on the appearance of impropriety. It states: "Any justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test "embodies an objective standard" and asks "whether an objective, disinterested, lay observer fully informed of

the facts … would entertain a significant doubt about a judge's impartiality. *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).[5] The provision is intended to promote confidence in the judiciary. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

The term "proceeding" in § 455 includes the usual stages of a criminal trial and appellate review, as well as "other stages of litigation."  28 U.S.C. § 455(d)(1); *see also United States v. Cherry*, 330 F.3d 658, 666 (4th Cir. 2003) (the presiding judge has the discretion to recuse herself).

As the Supreme Court has noted, § 455(a) "deals with the *objective appearance* of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in *Liteky*). Disqualification is required "only if it appears that [a judge] harbors an aversion, hostility or disposition of a kind that a fair minded person could not set aside when judging the dispute." *Id.* at 558. This objective standard includes not only actual impartiality, but also the appearance of impartiality. *See United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984).  In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. . . . The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal citation omitted).

Notably, a "presiding judge is not . . . required to recuse [herself] simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).

---

[5] Under § 455(b)(1), a judge shall disqualify herself if she "has a personal bias or prejudice concerning a party . . . ."  *See* Richard K. Neumann, Jr., "Conflicts Of Interest In *Bush v. Gore*:  Did Some Justices Vote Illegally?," 16 Geo. JLE 375 at 5 (Spring 2003).

"The alleged bias must derive from an extra-judicial source [and] . . . *result in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter*." *Beard*, 811 F.2d at 827 (emphasis added). Simply put, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id.*

### B.  28 U.S.C. § 144

Section 144 states, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The standard for recusal under § 144 requires the defendant's affidavit in support of his motion to establish adequately that this Court had a "personal bias or prejudice either against [the defendant] or in favor of [the government]." 28 U.S.C. § 144; *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989).    Notably, "[a]ssertions merely of a conclusionary nature are not enough,[] nor are opinions and rumors.[]" *United States v. Haldeman*, 559 F.2d 31, 34 (D.C. Cir. 1976).

In, *Sine*, 882 F.2d at 914, the Court said: "A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged."   For an affidavit to be legally sufficient under § 144, it must allege "*personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from [her] participation in the case." *Sine*, 882 F.2d at 914 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)) (emphasis in original). In other words, the "nature of the bias must be personal rather than judicial." *Sine*, 882 F.2d. at 914 (citing *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

A "clear and convincing" standard of review is applied to the determination of whether the facts in the affidavit are legally sufficient to convince a reasonable person that a personal bias or prejudice exists. *Chitimacha Tribe v. Harry L. Laws Co*., 690 F.2d 1157, 1165 (5th Cir. 1982). If the defendant's affidavit is legally sufficient, the Court must recuse itself from considering the defendant's post-conviction claims. *Sine*, 882 F.2d at 914. On appeal, a presiding judge's denial of a recusal motion is reviewed for abuse of discretion. *United States v. Mitchell*, 886 F.2d 667, 671 (4th Cir. 1989).

## IV. Discussion

In his Recusal Motion, Jha simply renews his original claims of error by this Court and concludes, on this basis, that the Court was biased in favor of the Government, given the outcome.

It is obvious that Jha is unhappy with the outcome of his case. He now seeks to cast blame on the Court, arguing that the Court's rulings demonstrate an "overwhelming pattern of . . . deep seated favoritism towards the government and personal bias towards [him]." ECF 18-2 ("Good Faith Affidavit") at 1.

Jha's allegations (a) through (d) involve the Court's rulings during pretrial proceedings denying motions to suppress the Morgan emails, the defendant's statement, and the search of his house. *See* ECF 180 at 10-17. These allegations correspond to the same unsuccessful arguments that the defendant advanced on direct appeal, in his petition for writ of certiorari, and in his motion for a new trial.

Jha also describes occasions when the Court made alternative factual findings, interrupted defense counsel's arguments or cross-examination, allowed a witness to testify, decided to seal a document, expressed concern at the pace of the pretrial hearings, or discussed whether *Brady*

material had been properly disclosed.  Again, these allegations pertain to judicial conduct during the litigation, based on what transpired during the litigation.  In effect, Jha claims bias merely because he did not prevail in the face of overwhelming evidence in support of his conviction.  He has not identified any sound basis to question my impartiality.  *Beard*, 811 F.2d at 827.

Jha also asserts that the Court engaged in an improper ex parte communication.  The assertions concerning the ex parte proceeding are without merit.  The Government addressed this allegation in ECF 196 and attached a portion of the relevant transcript at ECF 196-1.

The on-the-record discussion with both lawyers pertained to the Government's motion for protective order, which was filed under seal on February 18, 2014.  *See* ECF 79.  The motion concerned potential impeachment of a Government witness who had worked for the National Science Foundation in the Office of the Inspector General.  The witness had allegedly lied about his violation of certain agency rules.  With the motion (ECF 79) the Government included the witness's Confidential Settlement Agreement with the agency.  *See* ECF 79-1.

I addressed that motion (ECF 79) the next day, in sealed proceedings, on the record, at the motion hearing that had been previously set for February 19, 2014.  A careful review of the transcript reflects that the Court did not conduct an ex parte discussion with the Government, despite the Government's request that the Court do so.  *See* ECF 147 at 3, line 15, to ECF 147 at 4.

To be sure, the Court acknowledged the Government's request for an ex parte discussion.  But, the Court asked defense counsel if the request was "acceptable" and defense counsel objected.  ECF 147 at 4, lines 17-23.  Thereafter, I determined that because only "authorized" persons were in the courtroom, including the  attorney for the witness in question, I held sealed proceedings, rather than ex parte proceedings.  *See* ECF 147 at 5; *see also* ECF 196-1 at 2.

11

Indeed, I told the prosecutor to "make [his] points openly and Mr. Wright [*i.e.*, defense counsel] will know what they're about." *Id.*[6]  Moreover, I denied the Government's Motion for Protective Order, permitting the defense to impeach the witness.  ECF 196-1 at 4.  Therefore, the defendant was permitted to cross-examine the agent about the allegation that he violated agency rules and then lied about it.  However, I concluded that the Government was not required to disclose the Confidential Settlement Agreement.  *Id.*

In sum, I conducted a sealed, on-the-record hearing and made a ruling in Jha's favor.  To the extent I erred in the way I conducted the proceeding or in my ruling, the ruling was subject to appellate review.  It certainly does not reflect bias or the appearance of bias towards Jha.

Among his many claims, Jha also contends that the Court made a "mockery" of the testimony of one of his witnesses, Dr. Jawad Abdullah.  *Id.* at 17.

During Dr. Abdullah's testimony, while under cross-examination by AUSA Martin Clarke, Abdullah rather surprisingly referred to the prosecutor as "Marty."  *See* ECF 184-1.  The following colloquy is illustrative, *id.* at 1-2:

> Prosecutor:  And is your understanding that, from Dr. Jha, that people had invested in ATRC and in this highway project?
>
> Witness:  Yes, Marty.
>
> Prosecutor:  Pardon?
>
> Witness:  Marty is your name, right?
>
> Prosecutor:  Yes.  Marty.  Yes.
>
> Witness:  Marty.

---

[6] My review of the transcript suggests that I never conducted an ex parte hearing.  But, even if the hearing were ex parte, it was on the record and subject to appellate review.

At the end of the cross-examination, the prosecutor said, "Thank you, sir." *Id.* at 3. The witness responded: "You're welcome, Marty." *Id.*

At the conclusion of the testimony of the witness, the following ensued, *id.* at 3:

The Court:  Sir, you're free to go.  Thank you so much.

The Witness:  You're welcome, Your Honor.

The Court:  My name is Ellen.

The Witness:  Thank you.  Thank you, Judge Ellen.

Clearly, this exchange was a spontaneous attempt at levity, in response to the witness's unusual and unexpected informality.  The Court is not an automaton.  Events at a trial are dynamic and often unpredictable.  It was certainly unorthodox for a witness to refer so casually to the prosecutor by his first name, as if they were friends, and it prompted the Court's attempt at humor, at no one's expense.  Moreover, even if, in hindsight, the remark was ill advised, it certainly did not reflect personal prejudice or bias on the Court's part towards the defendant. Nor did it in any way impugn the witness's integrity.

To be sure, jokes made by a judge can be a "risky venture" and "inappropriate." *Vivas v. Hartford Fire Ins. Co.*, 789 So. 2d 1252, 1253 (Fla. Dist. Ct. App. 2001).  But, the spontaneous attempt at humor that occurred here personalized and humanized the witness, without detracting from his credibility.  *See Watson v. State*, 278 Ga. 763, 769, 604 S.E. 2d 804, 811 (2004).  Nor did it denigrate the defendant or his attorney.  *See People v. Melton*, 44 Cal. 3d 713, 754, 750 P.2d 741, 764 (1998).  And, the brief attempt at levity during the trial certainly did not deprive the defendant of a fair trial.  *See Commonwealth v. Stanton*, 17 Mass. App. Ct. 1, 4, 455 N.E. 2d 464, 466 (1983).  Indeed, some "humor in moderation may relieve tension and even enhance the climate of the courtroom . . . ." *Id.* at 8, 455 N.E. 2d at 468 (Brown, J., concurring); *see also Melton*, 750 P.2d at 753.

Defendant also alleges prejudice and bias based on my prior service (long ago) as a federal prosecutor.  ECF 180 at 19.  This argument fails as a matter of law.  *See Sierra Club v. Simkins Indus., Inc.*, 847 F.2d 1109, 1117 (4th Cir. 1988) (presiding judge's prior association with plaintiff's organization "does not, in itself, form a reasonable basis for questioning a judge's impartiality"); *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981) (trial judge's graduation from defendant university did not in itself constitute a reasonable basis for recusal motion).  As the Fourth Circuit has noted, "litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench." *Sierra Club*, 847 F.2d at 117 (citations omitted).

## Conclusion

In sum, Jha's many bald and unfounded accusations give credence to Chief Justice Roberts's recent comments in his 2016 Year-End Report on the Federal Judiciary.  There, he observed that district judges are promised "guaranteed criticism" as part of their service.  The complaints of Jha are evidence of that truism.

For the reasons stated, I shall deny the Recusal Motion (ECF 182).  And, given the denial of the Recusal Motion, there is no justification for the fishing expedition in which Jha seeks to engage through his Discovery Motion (ECF 189).  It, too, shall be denied.  And, his Objection (ECF 197) lacks merit and shall be denied.  However, I shall grant Jha's requests in ECF 181 and ECF 193.

An Order follows.


Date:  February 24, 2017                                    _____/s/_____
                                                           Ellen L. Hollander
                                                           United States District Judge