IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MANOJ KUMAR JHA
   *Petitioner*,

v.

UNITED STATES OF AMERICA,,
   *Respondent*.

Criminal No. ELH-12-00595
Related Civil No. ELH-16-3449

**MEMORANDUM**

In this post-conviction matter, the Court addresses for the second time a motion to recuse filed by the self-represented Petitioner, Manoj Kumar Jha. *See* ECF 217. It is titled "Second Motion For Judge Hollander's Recusal And Disqualification" (the "Second Motion"). *Id.* The government opposes the Second Motion. ECF 225. Jha has filed a reply. ECF 229.

No hearing is necessary to resolve the Second Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Second Motion.

## I. Procedural Background

Jha, a former engineering professor, was initially indicted on November 14, 2012 (ECF 1), on five counts of wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341; and falsification of records, in violation of 18 U.S.C. § 1519. *Id.* In a Superseding Indictment filed on August 21, 2013 (ECF 49), a charge of theft from a program receiving federal funds was added, under 18 U.S.C. § 666. In addition, the Superseding Indictment contained a forfeiture count, pursuant to 18 U.S.C. § 982(a)(2)(A).

Beginning on March 18, 2014, the Court presided over a nine-day jury trial. *See* ECF 100; ECF 101.[1] At trial, more than 200 exhibits were introduced and over 30 witnesses were called to testify. On April 1, 2014, the jury returned a verdict of guilty as to all counts. ECF 118; ECF 119.

Numerous issues were contested in presentencing submissions with regard to the calculation of the advisory sentencing guideline range applicable to Jha. *See* ECF 124; ECF 131 (Defense); ECF 127 (Government). The Presentence Report ("PSR," ECF 123) reflected that Jha had a total offense level of 27 and a criminal history category of I, with an advisory sentencing guidelines range of 70 to 87 months of imprisonment.[2]

Sentencing was held on August 29, 2014. ECF 134. The Government initially requested a 78-month sentence, based on its belief that Jha had an offense level of 27, with guidelines of 70-87 months. *See* ECF 127 (Government's sentencing memorandum) at 3. However, I concluded that Jha had a final offense level of 25. Based on a final offense level of 25 and a criminal history category of I, the advisory sentencing guidelines range called for a period of incarceration of 57 to 71 months. In light of the Court's ruling, finding an offense level of 25, the government sought a sentence of 65 months' incarceration. *See* ECF 158 at 78.

Despite my characterization of the government's recommendation as "reasonable" (*id.*), and notwithstanding the defendant's reprehensible conduct (*id.* at 88), I awarded a substantial

---

[1] Jha changed retained defense counsel during the pendency of his case. *See* ECF 42; ECF 43; ECF 44; ECF 45. His second defense lawyer entered his appearance on June 27, 2013. ECF 46.

[2] Counts One through Four each carried a maximum term of imprisonment of 20 years under 18 U.S.C. § 1343. Count Five carried a maximum term of 20 years' imprisonment under 18 U.S.C. § 1341. Count Six carried a maximum of 20 years' incarceration under 18 U.S.C. § 1519. Count Seven carried a maximum term of 10 years' imprisonment under 18 U.S.C. § 666(a).

downward variance to Jha. *Id.* at 90-92. In particular, I sentenced Jha to concurrent terms of 36 months' incarceration and ordered restitution in the amount of $105,726.31. The term of incarceration was obviously well *below* the low end of the advisory guidelines range and well *below* the 65-month sentence that the government requested.

Judgment was entered on September 11, 2014. *See* ECF 137. In the Statement of Reasons (ECF 183), to explain my leniency in imposing a variant sentence, I stated that Jha is "an immigrant, a scholar and a professor [who] has helped many minority students . . . to his credit." *Id.* at 3. I also pointed out that Jha's "career is ruined," noting that he "had to resign in disgrace." *Id.*[3]

Thereafter, the defendant noted an appeal to the Fourth Circuit. ECF 135. The United States Court of Appeals for the Fourth Circuit affirmed the defendant's convictions on June 4, 2015, in an unpublished, per curiam opinion. ECF 163. The mandate issued on June 26, 2015. ECF 164. *See United States v. Jha*, 613 F. App'x 212 (4th Cir. 2015).

Jha subsequently filed a petition for a writ of certiorari to the United States Supreme Court. *See* ECF 162-2. The Supreme Court denied Jha's certiorari petition on October 13, 2015. ECF 166 at 9; ECF 171 at 2; *see Jha v. United States*, 136 S. Ct. 349 (2015). On November 6, 2015, Jha filed a petition for rehearing in the Supreme Court. *See* ECF 166-4. That petition was denied on December 7, 2015. ECF 166 at 9; ECF 171 at 2; *see Jha v. United States*, 136 S. Ct. 611 (2015).

On February 25, 2016, Jha filed "Fed. R. Crim. P. 33 Motion To Vacate The Judgment of Conviction, Sentence And Restitution, And Order A New Trial" (ECF 166, "Rule 33 Motion"), along with numerous exhibits. By Memorandum (ECF 173) and Order (ECF 174) of June 13,

---

[3] Jha was released on supervised release on July 11, 2017. ECF 213, ¶ 4.

2016, I denied the Rule 33 Motion. Thereafter, Jha noted an appeal to the Fourth Circuit. ECF 175. In a per curiam opinion issued November 22, 2016, the Fourth Circuit affirmed. ECF 185. On January 24, 2017, the Fourth Circuit denied Jha's petition for rehearing. ECF 191. The mandate issued on February 1, 2017. ECF 192.[4]

In the interim, on October 14, 2016, while the appeal was pending as to this Court's disposition of the Rule 33 Motion, Jha filed a petition to vacate under 28 U.S.C. § 2255. *See* ECF 180. And, he filed motions to supplement the petition on October 14, 2016 (ECF 181) and February 8, 2017 (ECF 193). I granted those motions in an Order of February 24, 2017. ECF 199. The government filed its opposition to the § 2255 petition on May 30, 2017 (ECF 207), to which Jha replied on June 23, 2017. ECF 209. Thereafter, in a filing on July 13, 2017 (ECF 211), Jha sought a stay of the § 2255 petition, advising that he was pursuing certiorari in the Supreme Court as to the Fourth Circuit's ruling of November 22, 2016, *i.e.*, as to the Rule 33 Motion. *Id.*; *see also* ECF 211-1. I granted that request. ECF 212. According to Jha, the Supreme Court denied certiorari on October 2, 2017. ECF 216.

Along with his § 2255 petition, Jha filed his first recusal motion (ECF 182, "First Motion"), pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144. He maintained that recusal was required based on "a clear and obvious pattern of deep seated favoritism or antagonism" on my part. ECF 182 at 2. In his view, the record "conclusively shows" such bias. *Id.*; *see also* ECF 182 at 6. Moreover, Jha argued that because he has "criticized" my handling of the Rule 33 Motion, the case should be reassigned to another judge. *Id.*

---

[4] The government advises (ECF 225 at 2) that on August 22, 2016, Jha filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) to vacate the Fourth Circuit's judgment in his original appeal, claiming the government's appellate brief constituted a fraud upon the court. Doc. 11 and 13, Appeal 16-6856. *See* ECF 225 at 2. The government also states that the Fourth Circuit denied the motion. Doc. 19, Appeal 16-6856. *Id.* To my knowledge, these filings are not docketed in the criminal case.

In a Memorandum (ECF 198) and Order (ECF 199) of February 24, 2017, I found Jha's contentions in the First Motion unfounded and without merit. Therefore, I denied the First Motion. Jha filed a writ of mandamus with the Fourth Circuit to compel this Court to recuse itself, which was denied on February 1, 2018. *In re: Manoj Kumar Jha, Petitioner*, 710 Fed. App'x 127 (4th Cir. 2018). The Fourth Circuit noted that Jha "has not established any extra judicial bias" so as to warrant recusal. *Id*.

## II. Factual Background

Jha has now filed a "Second Motion For Judge Hollander's Recusal And Disqualification." ECF 217. The government's response is docketed at ECF 225. Jha has replied. ECF 229. In his Second Motion, Jha insists that, in connection with a pretrial motion hearing, this Court improperly engaged in ex parte communications with the prosecutor concerning a former federal agent, Douglas Morgan. ECF 217 at 2.[5]

Of relevance, Morgan participated in the search of Jha's home, and that search was contested by Jha. Morgan was the former Special Agent-in-Charge, Office of the Inspector General for the National Science Foundation, the agency involved in the investigation of this case. He left government service in January 2014, pursuant to a confidential settlement agreement as to personnel issues. ECF 79 at 2; ECF 147 (Transcript of February 19, 2014), at 56.

As the docket reflects, defense counsel filed many pretrial motions during the pendency of the case. *See*, *e.g.*, ECF 12 (motion to suppress statements); ECF 19 (motion to dismiss indictment and motion to suppress evidence; ECF 52 (motion to quash indictment); ECF 53 (motion to suppress proffer statement and dismiss proffer agreement); ECF 54 (motion to

---

[5] The Court incorporates here its Memorandum of February 24, 2017, docketed at ECF 198, addressing many of the same allegations.

dismiss counts One and Eight); ECF 55 (motion to inspect transcripts of grand jury testimony); ECF 56 (motion to suppress statements and tangible evidence); ECF 57 (motion to strike Government's Rule 404(b) Notice); ECF 58 (motion in limine); and ECF 65 (motion in limine). Motion hearings were held on February 14, 2014 (ECF 77; ECF 146); February 19, 2014 (ECF 83; ECF 147); and February 24, 2014 (ECF 89; ECF 148).

On February 18, 2014, just before a scheduled motions hearing, the government moved ex parte for a protective order (ECF 79) as to Morgan, in order to prevent disclosure of certain sensitive information concerning Morgan's termination of employment from the federal government. The government made the disclosure as to Morgan under *United States v. Giglio*, 405 U.S. 150 (1972), seeking to bar use of the personnel matter for cross-examination.

The Court held a previously scheduled hearing the next day. The transcript of February 19, 2014 (ECF 147) is revealing. It reflects that I promptly discussed with all counsel, in the presence of the defendant, and on the record, the fact that I had received the government's motion (ECF 79) for protective order, filed ex parte. The record also makes clear that the court briefly conducted sealed, on-the-record proceedings about ECF 79, *in the presence of the defendant and counsel*. These were not ex parte proceedings, as Jha suggests. ECF 147 at 4-5. I required the government to disclose the contents of ECF 79 and, before the government was allowed to call Morgan as a witness, I gave a recess to allow defense counsel to read Morgan's settlement agreement. *Id.* at 37. Most important, defense counsel had a full opportunity to cross-examine Morgan, including as to personnel issues. *See* ECF 147 at 68-75. And, Morgan's testimony was not sealed. *Id.* at 75.

In my letter to counsel dated February 20, 2014 (ECF 87), I reviewed what had transpired. I granted the government's motion to file ECF 79 under seal. *Id.* ¶ 3. And, I

6

recounted that, at the hearing on February 19, 2014, "I required the government to provide a copy of the Motion (ECF 79) to defense counsel and to the defendant for their review." *Id.* I added that I also had "permitted defense counsel to question Douglas Morgan, a retired special agent, about the circumstances of his retirement." *Id.* ¶ 3.

### III. Discussion

Jha baldly and brashly asserts that "it is reasonably likely that attorney Clarke held *ex parte* communications with Judge Hollander on this matter (that is, the matter involving Agent Morgan having been found guilty of lying under oath in a separate proceeding) . . . ." ECF 217 at 3.[6] He insists that recusal is warranted under 28 U.S.C. §§ 455(a), 455(b)(1), and 455(b)(5)(iv), because the Court "has personal knowledge of the disputed evidentiary facts concerning the proceeding, that is, whether *ex parte* communications took place between her and attorney Clarke on matters pending before her, including matters pertaining to Agent Morgan . . . ." ECF 217 at 6.

Jha also asserts, ECF 217 at 6-7: "The possibility of *ex parte* communications between attorney Clarke and Judge Hollander . . . is so high, that the issue is at least close enough to call for Judge Hollander's recusal." Grasping at straws, Jha speculates that the Court may have met privately with AUSA Clarke, may have spoken with him by telephone, or he "may have bumped into [the Court] in [the] course of other proceedings . . . ." ECF 217 at 3.

The facts are otherwise. Despite the government's request to bar disclosure of facts concerning Morgan's termination from his employment with the federal government, the Court denied the government's request. Moreover, the Court required disclosure of ECF 79 to defense

---

[6] There is no indication whatsoever that Morgan was ever "found guilty of lying under oath . . . ."

7

counsel, and allowed the defense to cross-examine Morgan with regard to his separation from employment.

Jha's rank speculation is not a basis for recusal. The record amply reflects that defense counsel was made aware of the government's concern as to Morgan. The Court held an on-the-record discussion with both lawyers with respect to the matter. *See* ECF 147 at 3-4. And, defense counsel was allowed a full and complete opportunity to impeach Morgan.

## IV. Conclusion

As the government observes, the Court is not required to recuse itself "simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Jha can rest assured that if any legitimate basis existed for me to recuse myself from this case, I would have done so, if for no other reason than to avoid spending precious time on frivolous filings. But, my responsibilities require me to handle dutifully the cases assigned to me.

The Second Motion (ECF 217) is Denied. An Order follows.

Date: June 12, 2018 /s/
Ellen L. Hollander
United States District Judge