IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| | Criminal No. ELH-12-00595 |
| v. | Related Civil No.  ELH-16-3449 |
| MANOJ KUMAR JHA, | |
| *Defendant*. | |

**MEMORANDUM**

In a relentless effort to overturn his federal convictions, Manoj Kumar Jha, the self represented defendant, has filed the following:  "Fed. R. Civ. P. 60(b) Motion To Vacate Judgment" (ECF 257) and "Motion Seeking Recusal Of Judge Hollander" (ECF 258).[1]  The government's response is docketed at ECF 268. Jha's reply is at ECF 269.[2]

The motions are largely reiterations of earlier submissions filed by Jha.  No hearing is necessary to resolve them.  Local Rule 105.6.

**A.  Procedural and Factual Background**

The long history of this case has been recounted by this Court several times in other filings, which I incorporate here by reference.  *See*, *e.g.*, ECF 173 (Memorandum of June 13, 2016); ECF 198 (Memorandum of February 24, 2017); EF 233 (Memorandum of June 12, 2018); ECF 248 (Memorandum Opinion of February 27, 2019).   In addition, the Fourth Circuit previously

---

[1]  Simultaneously, defendant also filed "Motion To Hold Off The Proceedings Until Supreme Court Decides Certiorari."  ECF 259.  He renewed the request on July 24, 2020.  ECF 264.  The Supreme Court subsequently denied certiorari on November 23, 2020.  ECF 266. Therefore, on December 1, 2020, I directed the government to respond to the motions.  ECF 267.

[2]  Jha contends that the government failed to respond to ECF 258 and therefore "it has forfeited any argument in subsequent legal proceedings."  ECF 269 at 1.  However, at ECF 268 at 23-24, the government briefly addressed the defendant's renewed claim of judicial bias.

addressed many of the issues raised by Jha. *See, e.g.*, ECF 163 (per curiam opinion of June 4, 2015, affirming the convictions); 740 Fed. App'x 336 (4th Cir. 2018) (per curiam); 710 Fed. App'x 127 (4th Cir. 2018) (per curiam). Therefore, I shall merely provide a brief procedural summary, for context.

The case began on November 14, 2012, when Jha, a former engineering professor, was indicted on multiple fraud charges. ECF 1. In a Superseding Indictment filed on August 21, 2013 (ECF 49), Jha was charged with five counts of wire fraud, in violation of 18 U.S.C. § 1343; mail fraud, in violation of 18 U.S.C. § 1341 (Count Six); falsification of records, in violation of 18 U.S.C. § 1519 (Count Seven); and federal program fraud, under 18 U.S.C. § 666 (Count Eight). In addition, the Superseding Indictment contained a forfeiture count, pursuant to 18 U.S.C. § 982(a)(2)(A).

The case was hotly contested by the defense, and numerous pretrial motions were filed. *See, e.g.*, ECF 12 (motion to suppress statements); ECF 19 (motion to dismiss indictment and motion to suppress evidence; ECF 52 (motion to quash indictment); ECF 53 (motion to suppress proffer statement and dismiss proffer agreement); ECF 54 (motion to dismiss counts One and Eigh)t; ECF 55 (motion to inspect transcripts of grand jury testimony); ECF 56 (motion to suppress statements and tangible evidence); ECF 57 (motion to strike government's Rule 404(b) Notice); ECF 58 (motion in limine); ECF 65 (motion in limine).

Motion hearings were held on February 14, 2014 (ECF 77, ECF 146); February 19, 2014 (ECF 83, ECF 147); and February 24, 2014 (ECF 89, ECF 148). The defendant testified at the motions hearing. *See* ECF 148 at 42 *et seq.* The Court's rulings are docketed at ECF 78; ECF 87; and ECF 96.

A nine-day jury trial commenced on February 18, 2014.  *See* ECF 100, ECF101.  It culminated in a verdict of guilty on April 1, 2014, as to all counts.  ECF 118; ECF 119.

Sentencing was held on August 29, 2014.  ECF 134.  The Presentence Report ("PSR," ECF 123) found an offense level of 27 and a criminal history category of I.  ECF 12.  The defense raised several issues concerning the calculation of the advisory sentencing guidelines, including with regard to the determination of the amount of the loss.  *See* ECF 158 (sentencing transcript).  The Court resolved the issues at sentencing.

Of relevance here, particularly as to Jha's claims of bias, the Court disagreed with the probation agent and the government as to Jha's final offense level.  The Court found that Jha had a final offense level of 25, not 27.  *See* ECF 158 at 70.[3]  Therefore, his advisory sentencing guidelines range called for a period of incarceration ranging from 57 to 71 months.  *See* ECF 158 at 70; ECF 138.

The government sought a guidelines sentence of 65 months' incarceration.  ECF 158 at 78. Again, despite the government's sound argument, the Court sentenced Petitioner to a below-guidelines term of 36 months' imprisonment.  ECF 137.  The Court also ordered restitution in the amount of $105,726.31. Judgment was entered on September 11, 2014.  ECF 137.

Thereafter, Jha noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 135.  The Fourth Circuit affirmed Jha's convictions and sentence in an unpublished opinion issued on June 4, 2015.  ECF 163; *see United States v. Jha*, 613 Fed. App'x 212 (4th Cir. 2015) (per curiam).  The mandate followed on June 26, 2015.  ECF 164.  Jha subsequently filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 13, 2015.

---

[3] An Amended PSR (ECF 133) was filed to conform to the Court's rulings.

*See* 136 S. Ct. 349 (2015).  And, on December 7, 2015, the Supreme Court denied Jha's petition for reconsideration.  *See* 136 S. Ct. 611 (2015).

Jha has filed numerous post-trial motions with this Court.  They include the following: "Fed. R. Crim. P. 33 Motion To Vacate The Judgment Of Conviction, Sentence And Restitution, And Order A New Trial ('Rule 33 Motion')" (ECF 166); "Motion For Reconsideration And To Recall The Court's Extension Request Of The Government" (ECF 170); "Motion And Affidavit For Disqualification And Recusal Of The Trial Judge" (ECF 182); "Motion For Supplemental Discovery To Uncover Full Scope Of Judge Ellen Hollander's Bias" (ECF 189); "Motion For Release Or Home Confinement Pending Disposition Of The 2255 Motion" (ECF 190); "Motion For Extension Of Time To File Memorandum In Support Of ECF 180" (ECF 193); Objection To The Order Denying Motion For Release From Custody, (ECF 197); "Notice To The Court," (ECF 200); "Application To The Chief Judge For Disciplinary Action As To The Prosecutor" (ECF 205); correspondence requesting information from the prosecution's file (ECF 210); a request for stay as to ECF 180, pending the filing of a petition for certiorari in the Supreme Court (ECF 211); "Motion To Enforce The Court's Order For Restitution As Is" (ECF 213); correspondence regarding admission of facts (ECF 215); and "Second Motion For Recusal Of Judge Hollander," (ECF 217).

In a Memorandum (ECF 173) and Order (ECF 174) of June 13, 2016, I denied the Rule 33 Motion.  Thereafter, Jha noted an appeal to the Fourth Circuit.  ECF 175; Appeal 16-6856.  On November 22, 2016, the Fourth Circuit affirmed in a per curiam opinion.  ECF 185.  However, the mandate was stayed (ECF 188), pending Jha's petition for rehearing and rehearing en banc.  Those requests were denied (ECF 191) and the mandate issued on February 1, 2017.  ECF 192.

In a Memorandum (ECF 198) and Order (ECF 199) of February 24, 2017, I denied Jha's first motion for recusal (ECF 182); his motion for supplemental discovery (ECF 189); and his objection (ECF 197).  But, I granted his motion for extension of time (ECF 193).

Jha filed a petition for a writ of mandamus with the Fourth Circuit in October 2017.  *See* Appeal 17-2210.  There, he sought an order from the Fourth Circuit directing this Court to recuse itself from Jha's § 2255 proceedings.  In addition, in December 2017, in Appeal No. 17-2210, Jha filed a "Motion For Equitable Vacatur Of Previous Judgment Procured From Fraud on the Court," asking the Fourth Circuit to vacate its affirmance of his convictions.  In an unpublished, per curiam opinion of February 1, 2018, the Fourth Circuit denied Jha's recusal request as well as his request to vacate its opinion affirming Jha's criminal conviction.  *See In re: Manoj Kumar Jha*, 710 Fed. App'x 127 (4th Cir. 2018) (per curiam).[4]

On February 2, 2018, Jha filed another motion in this Court, again seeking my recusal and disqualification.  ECF 217.  By Memorandum (ECF 233) and Order (ECF 234) of June 12, 2018, I denied that motion for recusal.  Jha filed another petition for a writ of mandamus, asking the Fourth Circuit to direct the recusal of this Court.  In an unpublished, per curiam opinion issued on October 25, 2018, the Fourth Circuit denied mandamus relief.  *See* Appeal No. 18-1718; *In Re: Manoj Kumar Jha*, 740 Fed. App'x 336 (4th Cir. 2018) (per curiam).[5]

Jha filed a motion to vacate under 28 U.S.C. § 2255 on October 14, 2016.  ECF 180.  He also filed supplements.  *See* ECF 203; ECF 238.  The initial post-conviction motion contained ten claims of error.  ECF 180.  The first supplement (ECF 203) contained an additional ten claims, although several of them were duplicative of the contentions asserted in the original motion.  In a

---

[4] The appellate decision does not appear on the trial court docket in this case.

[5] This appellate decision does not appear on the trial court docket.

submission filed on November 9, 2018 (ECF 238), Jha added three more contentions.  And, in a submission filed January 14, 219 (ECF 243), Jha added his twenty-fourth contention.  I denied the motion to vacate by Memorandum Opinion and Order of February 27, 2019.  ECF 248; ECF 249.

The Fourth Circuit denied a certificate of appealability in a per curiam opinion of August 27, 2019.  ECF 253.  The appellate court also denied a petition for rehearing (ECF 255), and the mandate issued on November 14, 2019.  ECF 256.

In the meantime, defendant was released to pretrial supervision on July 11, 2017.  ECF 261.  Supervision expired on July 10, 2020.  *Id.*  At that time, Jha owed $102,181.28 in restitution. *Id.*[6]

Additional facts are included, *infra*.

## B. Recusal Motion

Jha has filed his third recusal motion with this Court.  As noted on two occasions, he also sought mandamus in the Fourth Circuit to require my recusal.

Jha acknowledges that in his post conviction motion, two prior recusal motions, and various submissions, he has "personally attacked Judge Hollander and called her to be biased, acting in bad faith, and helping the government win the case."  ECF 258 at 2.  Therefore, he expresses concern that the Court "will surly [sic] retaliate and ignore key facts again to help the government prevail."  *Id.*  Moreover, he contends that the Court has "become personally embroiled in a running controversy," *id.*, has failed to review the record "meticulously," *id.* at 3, has "cut corners," *id.*, and has relied solely on the government's arguments, turning a blind eye to his contentions.  *Id.*

---

[6] Although the defendant is no longer on supervised release, the government does not argue that the motions are moot.

There is no legal justification for recusal, as I have previously determined. *See* ECF 198; ECF 233.  Neither the facts nor the analysis set forth earlier has changed.

As stated previously, if I could justify recusal, I would do so, if for no other reason than to spare myself from spending precious time on frivolous filings.  But, my duties require me to handle the cases assigned to me.  I cannot shirk my responsibilities.

Clearly, and sadly, Jha cannot accept the verdict of guilty and seeks to blame the Court for what has transpired.  Yet, this Court has consistently shown tolerance and patience.  Indeed, the Court easily could have justified a harsher sentence, as the government requested.  Instead, the Court searched for reasons to show leniency.  *See* ECF 158.

Jha's latest and renewed complaint of bias is akin to a self-inflicted wound.  He continues to attack the Court and then uses those attacks as a grounds for his claim that recusal is warranted. He is like the person who ignites a fire and then asks for help because he has lost his property in the blaze.

The law does not countenance such behavior.  For the reasons previously stated in ECF 198 and ECF 233, I shall deny the recusal motion.

## C. Rule 60(b) Motion

On October 14, 2016, Jha filed a petition to vacate under 28 U.S.C. § 2255, which he then supplemented.  *See* ECF 180, ECF 203, ECF 238.  The government filed its response at ECF 207. Jha replied.  ECF 241.  He also filed a supplemental reply.  ECF 243.  The government again responded at ECF 245 and Jha replied at ECF 246 and ECF 247.  The motion was amply briefed.

As noted, by Memorandum Opinion and Order of February 27, 2019, I denied the petition for post conviction relief.  ECF 248, ECF 249.  Thereafter, Jha noted an appeal.  ECF 250.  The

Fourth Circuit denied a Certificate of Appealability and dismissed the appeal by Order of August 27, 2019.  ECF 253.  The Mandate issued on November 14, 2019.  ECF 256.

The Rule 60(b) motion (ECF 257) is little more than a blatant effort at an end run around the rule barring unauthorized, successive motions under 28 U.S.C. § 2255.   Jha has not requested permission from the United States Court of Appeals for the Fourth Circuit to file a successive post conviction motion under 28 U.S.C. § 2255, as required.

Ordinarily, a federal defendant must bring a collateral attack on the legality of his conviction or sentence through a motion to vacate under 28 U.S.C. § 2255.  Although Jha labels the instant filing as a Rule 60(b) motion to vacate judgment, the label is not determinative; it is the substance that controls.  Here, the motion (ECF 257) is properly characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  *See Swain v. Pressley*, 430 U.S. 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255."  *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, AEDPA requires that a successive § 2255 motion "must be certified…by a panel of the appropriate court of appeals…" 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).

Under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify Jha's entitlement to file a successive petition under 28 U.S.C. § 2255.  Section 225(h) states:

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Accordingly, before the district court may examine a successive motion on the merits, the Court of Appeals must first enter an order authorizing the district court to consider the successive petition. *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Jha has not satisfied the threshold requirement for a successive § 2255 Petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application…" *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

As outlined earlier, Petitioner was previously denied relief under § 2255. It is clear that he cannot satisfy the threshold requirements of § 2255(h)(2) for a successive § 2255 motion, because he has not obtained authorization from the Fourth Circuit for the filing of a successive petition. As a result, this Court lacks the authority to consider the motion for relief. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997).

Even if the Court were able to consider the merits, however, plaintiff would not prevail. His claims are specious.

A criminal defendant is entitled to a fair trial, not a perfect trial. *Sherman v. Smith*, 89 F.3d 1134, 1137 (4th Cir. 1996). Indeed, there is "'no such thing as an error-free, perfect trial,' and the Constitution does not demand one." *United States v. Hasting*, 461 U.S. 499, 508 (1983)).

Jha's effort to manufacture flaws in his trial, and his disputes with this Court's post-conviction analysis, do not undercut the overwhelming evidence in favor of conviction. The convictions and sentence followed eminently fair pretrial, trial, and post trial proceedings.

Therefore, I shall deny the Motion.

### D. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant in regard to a § 2255 petition.  A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[7]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

I have characterized the Rule 60(b) motion as a disguised § 2255 motion.  Accordingly, I must consider whether Jha is entitled to a COA.

Jha has not made a substantial showing of the denial of his constitutional rights.  Therefore, I decline to issue a COA.

An Order follows.

Date:   April 19, 2021                                          _____/s/_____

Ellen L. Hollander
United States District Judge

---

[7] The denial of a COA by the district court does not preclude a petitioner from seeking a COA from the appellate court.